UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY JUDITH MEZA MARTINEZ, *et al.*,<br><br>          Petitioners,<br><br>     v.<br><br>JAMES JANECKA, *et al.*<br><br>          Respondents. | Case No. 5:25-cv-02787-CV (PDx)<br><br>**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [12]** |

On November 7, 2025, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 12 ("TRO Order"). On November 17, 2025, Respondents filed a Response to the OSC, and on November 18, 2025, Petitioners filed a Reply in response to the OSC. Doc. # 15 ("Gov. Response"); Doc. # 16 ("Reply"). Having reviewed and considered all the briefing filed with respect to the Order to Show Cause Re: Preliminary Injunction, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I. BACKGROUND

On October 21, 2025, Petitioners Jenny Judith Meza Martinez ("Meza Martinez"), Manolo Arbizu Brenes ("Brenes"), and Enma De Maria Martinez Garcia ("Martinez Garcia") (collectively, "Petitioners") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 (the "Petition") against the warden of the Adelanto Detention Center, James Janecka, the Director of the Los Angeles Field Office of the United States Immigration Customs and Enforcement ("ICE"), Daniel T Tovar, the Attorney General, Pam Bondi, the Secretary of the Department of Homeland Security, Kristi Noem, and the Acting Director of ICE, Todd Lyons (collectively, "Respondents"). Doc. # 1 ("Pet."). The Petition seeks a writ or injunctive relief ordering Petitioners' immediate release. *Id.* at prayer for relief.

On October 31, 2025, Petitioners Jenny Judith Meza Martinez ("Meza Martinez"), Manolo Arbizu Brenes ("Brenes"), and Enma De Maria Martinez Garcia ("Martinez Garcia") (collectively, "Petitioners") filed an Ex Parte Request and Application for Temporary Restraining Order and/or Order to Show Cause Re: Preliminary Injunction ("Application"). Doc. # 7 ("App.").

On November 7, 2025, the Court issued the TRO and OSC, ordering:

1. Respondents are enjoined from continuing to detain Petitioners Meza Martinez and Brenes unless they are each provided with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. section 1226(a) within seven calendar days of the filing date of this Order.

2. Respondents are ordered to immediately release Petitioner Martinez Garcia from her custody, and are enjoined and restrained from detaining Petitioner Martinez Garcia without notice and a pre-detention hearing.

3. To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioners outside of the Central District of California pending final resolution of this case or further order of the Court.

4. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on November 21, 2025. The temporary restraining order may be extended for good cause or upon Respondents' consent.

5. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than November 17, 2025. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than November 19, 2025.

6. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 11–12.

The Court has previously recounted the factual background in this case in the TRO which is incorporated here by reference. TRO Order.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also

known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

### III. DISCUSSION

In response to the OSC, Respondents argue that they have complied with the TRO by providing Petitioners Meza Martinez and Brenes bond hearings on November 13, 2025, and by releasing Petitioner Martinez Garcia. Gov. Response at 2. Respondents make no arguments as to the merits of the Preliminary Injunction, and their sole argument is that the request is moot in light of the actions they have taken in response to the TRO. *See generally id.*

Petitioners respond that their request for relief is not moot and that the PI should be issued.[1]

First, the Court agrees that the TRO is moot as to the orders that: (1) Respondents are enjoined from continuing to detain Petitioners Meza Martinez and Brenes unless they are each provided with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. section 1226(a) within seven calendar days of the filing date of this Order, and (2) Respondents are ordered to immediately release Petitioner Martinez Garcia from her custody. The Petitioners have received the relief requested and ordered as to these portions of the TRO. Because there is no present controversy as to which effective relief

---

[1] Notably, Petitioners response encompasses their response to the OSC, as well as their response in support of the Petition itself. At this stage, the Court is only considering the OSC, and will not address Petitioners' arguments regarding the Petition. Further, to the extent Petitioners seek relief beyond what was sought in the Application, the Court will not consider these requests at this stage, because the OSC was related to a preliminary injunction with the same terms as the TRO.

can be granted as to these points, they are moot. *See Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

However, the TRO is not moot as to the orders that: (1) Respondents are enjoined from re-detaining Petitioner Martinez Garcia without notice and a pre-detention hearing, and (2) in order to preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioners outside of the Central District of California pending final resolution of this case or further order of the Court.

As explained in the TRO Order, Petitioners have shown a likelihood of success on their procedural due process claims, that they will suffer irreparable harm absent preliminary injunctive relief, and that the balance of equities and public interest weigh in their favor. Although Respondents have complied with the TRO thus far, they have not met their burden to show that they can not reasonably be expected to resume their wrongful conduct absent a preliminary injunction.[2] *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013).

## IV. CONCLUSION

For the foregoing reasons, the court issues a Preliminary Injunction and ORDERS as follows:

1. For the pendency of this lawsuit, Respondents are enjoined and restrained from re-detaining Petitioner Martinez Garcia without notice and a pre-detention hearing.

//
//
//
//
//
//

---

[2] Notably, Respondents do not submit a declaration to this effect or even provide argument on this point.

2.  To preserve the Court's jurisdiction, for the pendency of this lawsuit, respondents are enjoined from transferring, relocating, or removing Petitioners outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against a Petitioner.

**IT IS SO ORDERED**.

Dated: 11/21/25

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE